UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| J&H LANMARK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-333-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TWIN CITY FIRE INSURANCE COMPANY, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff J&H Lanmark, Inc. ("J&H") has filed a motion to remand in response to Defendant Twin City Fire Insurance Company's ("Twin City") removal of this action from the Fayette Circuit Court. [Record No. 10] Defendant Governor Andy Beshear has also responded in support of Twin City's position, and his motion to dismiss, filed prior to removal, remains pending. [Record Nos. 11 and 1-1, at p. 20–30] The underlying lawsuit turns on one dispute: whether J&H's alleged losses are covered by the insurance policy issued by Twin City. The result of this dispute will have no effect on Governor Beshear's legal rights. Therefore, because the governor is a nominal party to this action, he will be dismissed and the motion to remand will be denied.

**I.**

J&H is incorporated in Kentucky and operates a retail establishment in Lexington, Kentucky. [Record No. 1-1, at ¶¶ 1, 7] Twin City is incorporated in Indiana, where it maintains its principal place of business. [*Id.* at ¶ 2]. Governor Beshear, named in his official

capacity, is a Kentucky citizen. [*Id.* at 3] Twin City has provided insurance to J&H since June 2019. [*Id.* at ¶¶ 8–9]

J&H filed this action in Fayette Circuit Court on June 26, 2020. [*Id.*] Count One of the Complaint seeks a declaratory judgment that J&H's temporary closure pursuant to the governor's COVID-19-related Executive Order 2020-246[1] caused a covered loss under its policy with Twin City. [*Id.* at ¶¶ 17–26] Count One includes both Twin City and Beshear as defendants. [*Id.*] J&H requests a declaration that Beshear's order "caused and/or contributed to direct physical loss," but makes no allegations against the governor. [*Id.* at ¶ 25] Counts Two and Three allege breach of contract, causation, and damages against Twin City alone. [*Id.* at ¶¶ 27–32]

Twin City filed a notice of removal on July 31, 2020, and filed an Answer on August 7, 2020. [Record Nos. 1 and 8] Prior to removal, Governor Beshear filed a motion to dismiss, arguing that he was not properly named as a defendant, and J&H did not file a response. [Record No. 1-1, at pp. 20–30] J&H filed its motion to remand on August 17, 2020, arguing that Beshear is a real party in interest in the case and that the requirements for diversity have not been met. [Record No. 10] Additionally, Beshear has reasserted the arguments made in his motion to dismiss as part of his response to J&H's motion to remand. [Record No. 11, at p. 8]

---

[1] J&H's Complaint references Executive Order 2020-246 [Record No. 1-1], but the motion to remand and subsequent briefs reference Executive Order 2020-257. [Record Nos. 10, 13, and 15] J&H's communications with Twin City prior to this action also reference Executive Order 2020-257. [Record Nos. 10-2 and 10-3] The orders are not currently in the record, and their content does not factor in to the Court's analysis, so they are referred in general terms in this opinion.

## II.

Under 28 U.S.C. § 1332, federal courts have original jurisdiction in civil actions when: (i) "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation," *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989); and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. When a state court action could have been filed in federal court pursuant to Section 1332, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a).[2] As the party seeking removal, Twin City has the burden to prove that this Court has subject-matter jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). And "any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court." *ABC Daycare & Learning Ctr. v. West Bend Mut. Ins. Co.*, Case No. 5: 20-cv-243-DCR, 2020 WL 3520302, at *3 (E.D. Ky. June 29, 2020) ("*ABC*") (citations omitted).

This Court "lacks subject matter jurisdiction in a diversity action where the parties are not completely diverse." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc., v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). But "[i]n determining whether complete diversity exists, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy.'" *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). Real parties are "entitled to enforce the

---

[2] Although not applicable here, an in-state defendant may not remove an action to federal court. *See* 28 U.S.C. § 1441(b)(2).

right asserted under the governing substantive law." *Id.* (quoting *Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994)). Alternatively, nominal parties have "no interest in the result of the suit." *Id.* (quoting *Grant Cty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)). Twin City has met its burden to show that Governor Beshear is a nominal party to this action.

J&H offers only one reason why Governor Beshear is a real party to this action: it is "seeking a . . . clarification in that the Governor's order was issued for a much broader reason than the virus itself." [*See* Record No. 10, at 8; *see also* Record No. 15, at p. 2.] It argues that, because Governor Beshear authored the orders, he must be a necessary party. [*Id.* at 6] But this conclusory argument does not address the heart of the nominal party inquiry: whether Beshear has an interest in the outcome of the litigation. *ABC*, 2020 WL 3520302, at *4. Authorship alone does not give the governor a stake in this case. Rather, J&H must go a step further and prove that Beshear has an interest in the resolution of a dispute related to his orders.

Contrary to J&H's assertion, this Court's ruling in *ABC* supports this distinction between mere authorship of the order and interest in the lawsuit. In that action, the insurance dispute turned in part on the "validity and effect" of a government official's order. *ABC*, 2020 WL 3520302, at *5. Despite the order being "somewhat tangential to the underlying dispute," the consideration of its validity gave the government official an interest in the outcome of the case. *Id.* Here, the validity and effect of the governor's order is not at issue. Absent a challenge to the orders' validity, J&H will find no support for its argument that Beshear is a real party in interest.

For instance, it cites a Kentucky Court of Appeals' holding—which has not been questioned by any party here—that "[t]o argue that the Governor does not have an interest in . . . the validity of an Executive Order strains credulity." *Perks v. Byers-Abston*, Case No. 2009-CA-001655-MR, 2011 WL 255295, at *3 (Ky. App. Jan. 28, 2011). [Record No. 15, at p. 3] But it likewise "strains credulity" to argue that Beshear has an interest in an action that expressly *does not* challenge the validity of his actions or allege that he caused any harm. J&H could have challenged Governor Beshear's COVID-19-related executive orders, as some have. [*See, e.g.*, Record Nos. 10-4, 10-6, 10-7, and 10-9 (filing cases challenging COVID-19 orders with J&H's motion to remand).] However, it declined to do so. [Record Nos. 10, at p. 7; and 15, at p. 4]

The Complaint only seeks relief from Twin City, and Twin City is the only real party in interest to this action. *See Auxier v. Liberty Mut. Ins. Co.*, Case No. 14-cv-145-ART, 2014 WL 12649857, at *3 (E.D. Ky. Dec. 18, 2014) (citing *Wilson v. Oswego Twp.*, 151 U.S. 56, 64 (1894)). J&H attempts to use a unique circumstance—temporary business closure during a pandemic—to justify an exception to a simple, jurisdictional rule in federal courts: parties to an action must have an interest in its outcome. *See Roche*, 546 U.S. at 892–93. Consider a hypothetical: If J&H's business were interrupted by an act of vandalism, could it include the perpetrators in a lawsuit against its insurance company just to learn whether they meant to cause a covered loss? Of course not. They could sue the vandals directly for the harm they caused, but that action would not need interpretation in a tangential insurance dispute. That the act occurred would not be in dispute. And whether its occurrence is covered under the

insurance policy would be resolved by looking to the relevant policy language. Most importantly, the perpetrators would have *no interest* in the outcome of the dispute.

The present action may appear more complicated than the hypothetical because the actions triggering the alleged loss (i.e., a pandemic and a governor's order) are less straightforward than an act of vandalism. But they are the same for purposes of this inquiry. No one disputes that the pandemic, the executive orders, or the business closures happened. Whether those events are covered under Twin City's policy is a dispute between J&H and Twin City that turns on the language of the policy. With all due respect, to the extent that Beshear's executive orders must be interpreted, this Court can do so without his help. *See Anderson v. Commonwealth*, 107 S.W.3d 193 (Ky. 2003) (interpreting a governor's order without his addition as a party). And no matter the result, the outcome of this litigation will have no effect on the validity of Governor Beshear's executive orders or impose any legal obligation on him. Because he is a nominal party to this action, complete diversity exists, and he will be "dropped from the case." *Bedell v. H.R.C., Ltd.*, 522 F. Supp. 732, 736 (E.D. Ky. 1981).

### III.

For the reasons outlined in this Memorandum Opinion and Order, it is hereby

**ORDERED** as follows:

1. Plaintiff J&H Lanmark, Inc.'s Motion to Remand [Record No. 10] is **DENIED**.

2. Defendant Governor Andy Beshear is **DISMISSED** from this action as a nominal party.

- 7 -

3.     Defendant Governor Andy Beshear's Motion to Dismiss [Record No. 1-1, pp. 20–30] is **DENIED**, as moot.

4.     The Clerk of Court is **DIRECTED** to strike Governor Andy Beshear and Secretary Michael G. Adams as defendants from the caption in this matter.

Dated:  September 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky